IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 19-02139 EAG |
| FREDDIE LUIS ALICEA RAMOS | CHAPTER 13 |
| DEBTOR | |

**DEBTOR'S ATTORNEY'S MOTION IN COMPLIANCE WITH**
***ORDER TO SHOW CAUSE***
**DOCKET NO. 22**

**TO THE HONORABLE COURT:**

**COMES NOW, ROBERTO FIGUEROA CARRASQUILLO, the Debtor's Attorney** in the above captioned case, and very respectfully responds to the *Order to Show Cause*, issued by the Court on September 19, 2019, Docket No. 22, as follows:

I. **THE ORDER TO SHOW CAUSE AND THE ATTORNEYS RESPONSE**

1. On September 19, 2019, this Honorable Court issued the following **ORDER**:

> "Debtor's Attorney, Roberto Figueroa Carrasquillo, is ordered to show cause within fourteen (14) days as to why the attorney should not be fined for $250.00 for failure to appear in court and/or failure to file a motion requesting continuance or requesting to be excused." **ORDER**, Docket No. 22.

2. That the appearing attorney Roberto Figueroa Carrasquillo, respectfully submits his excuses to the Court since he overlooked/misplaced the scheduled hearing date in his office calendar, a clerical mistake, and was unaware/forgot that a confirmation hearing was scheduled for September 19, 2019, in the present case.

3. That the undersigned attorney respectfully assumes all responsibility concerning his non-appearance before the Court on said confirmation hearing date of September 19, 2019.

Page -2-
Motion in Compliance
with Order to Show Cause
Case no. 19-02139 EAG

4. That the attorney's failure to appear before the Court at the confirmation hearing was due to an inadvertent mishandling of the attorneys calendar and the same was not based on a willful or negligent conduct by the attorney.

5. That the attorney's failure to appear before the Court at the confirmation hearing is an isolated event and not a pattern of non-appearances before the U.S. Bankruptcy Court for the District of Puerto Rico and/or at Chapter 7/13 341 meetings.

6. That the attorney has not engaged in similar conduct in other cases and the attorney's failure to appear before the Court was not intended to injure any interested party in the above captioned case.

7. That 99% of the law practice of the undersigned attorney is Bankruptcy Law, that the attorney has more than 30-years of professional experience, and that the American Board of Certification certifies the attorney as a Consumer Bankruptcy Specialist since the year 2004. *Model Rules of Professional Conduct*, Rule 7.2(c).

## II. THE FACTS SURROUNDING THE ATTORNEYS NON-APPEARANCE

8. On June 07, 2019, the Court entered an Order re-scheduling the confirmation hearing for September 19, 2019, in the above captioned case. See: *Minutes of Confirmation*, Docket No. 11.

9. That the reason for the re-scheduling of the confirmation hearing (Docket No. 11) was that the 341 meeting had not been held. See: *Notice of Re-Scheduling of 341 Meeting of Creditors*, Docket No. 9 and *Minutes of 341 Meeting*, Docket No. 13.

**Page -3-**
**Motion in Compliance**
**with Order to Show Cause**
**Case no. 19-02139 EAG**

10. That the document entitled *Minutes of Confirmation*, Docket No. 11, which gave notice that the confirmation hearing was re-scheduled for 09/19/2019, is not available for retrieval and cannot be downloaded to the undersigned attorney's system in order to obtain a copy said document. It is to be noted that it appears from the Docket that there is no certificate of service for the same.

11. That prior to the 341 meeting, which was held on July 18, 2019, the undersigned attorney filed, on behalf of the Debtor, an *Amended Chapter 13 Plan*, Docket No. 15, (09/08/2019) and on July 29, 2019, the Debtor filed *Amended Schedule C*, Docket No. 18, in the present case.

12. That on that same date, July 29, 2019, the undersigned attorney became aware of the scheduling of the confirmation hearing for September 19, 2019 (Docket No. 11).

13. That on said date, July 29, 2019, the attorney's assistant was on vacations and out of the office. The attorney instructed a temporary clerk, substituting for the attorney's assistant, to enter the date of the confirmation hearing to his office calendar, which was done in such a manner that caused the attorney to overlook said calendar entry and/or forget that said "unusual" calendar entry was in fact the date of the re-scheduled confirmation hearing in the present case.

14. That on the same date of the confirmation hearing, the undersigned attorney appeared at a 341 meeting held at 10:30 AM before Noreen Wiscovitch Rentas, Esq. Chapter 7 Trustee, at the Ochoa Building in San Juan, in the case of *In re Magda Liz Ocasio Borges*, 15-05541 BKT7, (case converted from a Chapter 13 case to a Chapter 7 case).

Page -4-
Motion in Compliance
with Order to Show Cause
Case no. 19-02139 EAG

### III. LEGAL GROUNDS AND ARGUMENT

### A. DUE PROCESS

15. The Fifth Amendment guarantees that no person shall be deprived of life, liberty or property without the due process of law. U.S. Const., amend V. A court must comport with the mandates of due process when sanctioning lawyers for abusive litigation practices. *Chambers v. NASCO*, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Roadway Exp., Inc. v. Piper*, 447 U.S. 753, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980).

16. What due process does require is that Counsel receive notice of the possibility of sanctions and an opportunity to respond. *In re Engle Cases*, 283 F. Supp. 3d 1174 (Bankr. M.D. Florida, 2017). **Cf.** *Media Duplication Servs., Ltd. V. HDG Software, Inc.*, 928 F. 2d 1228, 1238 (1st Cir. 1991).

17 In the present case, the Court has granted the Debtor's attorney fourteen (14) days within to "show cause" why the attorney should not be sanctioned in the sum of $250.00 for the attorney's failure to appear at the September 19, 2019 confirmation hearing and/or failure to file a motion requesting continuance or requesting to be excused. *ORDER*, Docket No. 22.

### B. RULE 9011 SANCTIONS

18. Sanctions under Rule 11 of the Fed. R. Civil P., made applicable to bankruptcy proceedings under Rule 9011 of the Fed. R. Bankr. P., apply only to written papers filed with of submitted to the court.

Page -5-
Motion in Compliance
with Order to Show Cause
Case no. 19-02139 EAG

19. In the First Circuit Court case of *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228 (1st Cir. 2010) the Appeals Court held the following:

> "Thus, the only viable basis for the court's award of sanctions was attorney misconduct...[A]nd, no matter how vexatious or disruptive counsel's conduct was during trial, Rule 11 cannot reach such misconduct. The Rule applies only to written papers filed with or submitted to the court, and **does not govern the conduct of litigation more generally**. See Fed. R. Civ. P. 11(b) (referring to a 'pleading, written motion or paper'); *id.*, advisory committee's note ('The rule applies only to assertions contained in papers filed or submitted to the court.'); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829-30 (9th Cir. 1986); ('Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases.'). *Lamboy-Ortiz v. Ortiz-Velez, supra.,* at page 245. (emphasis supplied).

20. In the present case, the possibility of a monetary sanction against the Debtor's attorney is based on the attorney's failure to appear at the September 19, 2019 confirmation hearing and/or failure to file a motion requesting continuance or requesting to be excused. *ORDER*, Docket No. 22.

21. Therefore, the appearing attorney respectfully understands that Rule 11 sanctions do not apply to the particular situation before the Court.

**C. SECTION 1927 SANCTIONS**

22. Section 1927 of Title 28 of the United States Code also provides for the assessment of sanctions directly against an attorney.

**Page -6-**
**Motion in Compliance**
**with Order to Show Cause**
**Case no. 19-02139 EAG**

> "Any attorney or person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonable incurred because of such conduct.". 28 U.S.C. Section 1927.

23. Section 1927 authorizes the imposition of sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." *Cruz v. Savage*, 896 F. 2d 626, 632 (1st Cir. 1990).

24. In the case of *Cruz v. Savage, supra.*, the First Circuit Court held the following:

> "Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927. The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a 'serious and studied disregard for the orderly process of justice." *Cruz v. Savage*, at pages 632-633.

25. Therefore, litigation conduct qualifies as "vexatious" if it is "harassing or annoying, regardless of whether it is intended to be so". *Lamboy-Ortiz v. Ortiz-Velez,* at page 246; *Cruz v. Savage*, at page 632; *United States v. Nesglo, Inc.*, 744 F.2d 887, 891-92 (1st Cir. 1984).

26. In the above cited cases, the First Circuit Court uses a "mainly objective standard" for determining when a lawyer's actions are unreasonable and vexatious explaining that section 1927 does not apply to "[g]arden-variety carelessness or even

**Page -7-**
**Motion in Compliance**
**with Order to Show Cause**
**Case no. 19-02139 EAG**

incompetence," but instead requires that the "attorney's actions…evince a studied disregard of the need for an orderly judicial process, **or add up to a reckless breach of the lawyer's obligations as an officer of the court**". *Lamboy-Ortiz v. Ortiz-Velez,* at page 246, citing *Jensen v. Phillips Screw Company*, 546 F. 3d 59, 64 (1st Cir. 2008). (emphasis supplied).

27. In the present case, the undersigned attorney respectfully understands that when applying a "mainly objective standard" to the attorney's failure to appear at the confirmation hearing and/or failure to file a motion requesting continuance or requesting to be excused, the Court should conclude that under the totality of circumstances in this case, section 1927 sanctions should not be imposed to the attorney in the present case.

### D. FACTORS WHEN APPLYING MONETARY SANCTIONS

28. In the case of *Lamboy-Ortiz v. Ortiz-Velez, supra.,* the First Circuit Court held that the purpose of section 1927, in addition to be "deterrence and punishment of dilatory litigation tactics", is both to "deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them". *Lamboy-Ortiz v. Ortiz-Velez*, at page 247.

29. The Court should consider the following factors in fashioning an appropriate sanction under Rule 11, **and while not directly applicable to calculation of sanctions under Section 1927, the same is instructive** (*Lamboy-Ortiz v. Ortiz-Velez,* at page 248):

"(1) whether the improper conduct was willful, or negligent;

**Page -8-**
**Motion in Compliance**
**with Order to Show Cause**
**Case no. 19-02139 EAG**

(2) whether it was part of a pattern of activity, or an isolated event;

(3) whether it infected the entire pleading, or only one particular count or defense;

(4) whether the person has engaged in similar conduct in other litigation;

(5) whether it was intended to injure;

(6) what effect it had on the litigation process in time or expense;

(7) whether the responsible person is trained in the law;

(8) what amount given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

(9) what amount is needed to deter similar activity by other litigants."

30. Applying some of the above mentioned factors to the present case, the Debtor's attorney respectfully states:

(a) that the attorney's conduct was not willful or negligent, since the same was incurred due to a "clerical error" based on an unusual calendar entry which caused the attorney to "inadvertently overlook" the hearing date in his calendar;

(b) that the attorney's failure to appear before the court is not a pattern of activity by the attorney and, instead, the same is an isolated event;

(c) that the attorney's conduct was not intended to injure and the attorney has not engaged in similar conduct in other litigation;

(d) that in the present case the Chapter 13 Trustee, who was present at the September 19, 2019 confirmation hearing, is the only party objecting to the

Page -9-
Motion in Compliance
with Order to Show Cause
Case no. 19-02139 EAG

confirmation of the Debtor's proposed Plan; that no other creditor or any other party in interest has filed an objection to confirmation or appeared at the confirmation hearing, including the Internal Revenue Service (IRS/POC #2-3/largest creditor to be paid through the Plan); that it is to be noted that prior to the confirmation hearing, the IRS was in direct contact (via telephone calls and emails through Ana Correa/IRS Bankruptcy Specialist) with the Debtor's attorney concerning the specific Plan provisions for the IRS's secured claim; and

(e) that on September 26, 2019, the Debtor filed an *Amended Chapter 13 Plan*, Docket No. 23, which cures the objections raised by the Chapter 13 Trustee.

**IV. CONCLUSION AND PRAYER FOR RELIEF**

31. As previously stated, the Debtor's attorney respectfully submits his excuses to the Court for his failure to appear and/or file a motion requesting continuance or requesting to be excused, at the confirmation hearing held on September 19, 2019, in the present case.

32. The attorney respectfully understands that he failed to comply with his duties towards the Court by failing to appear and/or file a motion requesting continuance or requesting to be excused, at the confirmation hearing held on September 19, 2019, in the present case.

33. However, the attorney respectfully states that his failure to appear was not an intentional conduct, that at the same time the confirmation was taking place the attorney was appearing at a 341 meeting in another case, and that the objection to the confirmation of the Debtor's proposed Plan, discussed at the hearing, was addressed by way of filing an

Page -10-
Motion in Compliance
with Order to Show Cause
Case no. 19-02139 EAG

*Amended Chapter 13 Plan*, Docket No. 23 and a *Reply to the Trustee's Report on Confirmation*, Docket No. 24.

34. Based on the above stated, the Debtor's attorney respectfully requests that this Honorable Court grant the present response to the *Order to Show Cause*, Docket No. 22, and rule that based on the totality of circumstances there is no need to impose on the Debtor's attorney a monetary sanction, in the above captioned case.

**WHEREFORE**, Roberto Figueroa-Carrasquillo, the Debtor's attorney, respectfully requests that this Honorable Court grant the foregoing motion in compliance with *Order to Show Cause*, Docket No. 22, in the above captioned case.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, Alejandro Oliveras Rivera, Esq.; I also certify that a copy of this motion was sent via US Mail to Debtor Freddie Luis Alicea Ramos, HC 1 Box 6512 Arroyo PR 00714.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 30th day of September, 2019.

*/s/ Roberto Figueroa Carrasquillo*
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 FAX 787-746-5294
Email: rfc@rfigueroalaw.com